UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS' LOCAL 324 PENSION
FUND, *et al.*,

    Plaintiffs,

v.

ABBOTT CONSTRUCTION, INC.,
a Michigan corporation, and BRUCE
ABBOTT, individually,

    Defendants.
_____/

Case No. 09-11702

Hon. John Corbett O'Meara

## OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiffs' motion for summary judgment, which has been fully briefed. The court heard oral argument on March 4, 2010, and took the matter under advisement. For the reasons explained below, the court grants Plaintiffs' motion.

### BACKGROUND FACTS

Plaintiffs are various fringe benefit funds seeking delinquent employee benefit contributions from Defendants Abbott Construction, Inc., and Bruce Abbott pursuant to the Employee Retirement Income Security Act ("ERISA"). The Funds are third-party beneficiaries of the constructive bargaining agreement between Abbott Construction and Operating Engineers' Local 324. It is undisputed that Abbott Construction owes the Funds some amount in delinquent contributions. According to an audit completed on October 15, 2009, the amount of unpaid contributions was $63,351.51; liquidated damages resulting from the audit were $6,300.65; and liquidated damages

-1-

resulting from late payments were $1,711.55. The Funds are holding $2,174.64 in escrow, leaving a total balance of $69,189.07.

## LAW AND ANALYSIS

### I. Defendants Fail to Sufficiently Dispute Audit Amount

In their response brief, Defendants contend that Bruce Abbott provided information to the auditor demonstrating that the audit figures are incorrect. Defendants do not explain why the numbers are incorrect, however. In their reply, Plaintiffs contend that the revisions sought by Defendants (which they dispute) would only decrease the delinquency by $650.11. In light of their failure to provide specific facts contesting the audit, Defendants have not sufficiently supported their position to avoid Plaintiffs' motion on this issue. See Plumbers Local 98 Defined Benefit Pension Fund v. M & P Master Plumbers of Michigan, 608 F. Supp.2d 873, 881 (E.D. Mich. 2009) (Rosen, C.J.) (where plaintiff funds have produced evidence of delinquent contributions, burden shifts to employer to show what work is not covered under the CBA); Michigan Laborer's Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692 (6th Cir. 1994) (same). Absent specific documentation challenging the audit from Defendants, the court must accept Plaintiffs' properly supported calculations.

### II. Fiduciary Liability of Bruce Abbott

The other issue raised by Plaintiffs is the fiduciary liability of Bruce Abbott. It is undisputed that Mr. Abbott controlled which creditors would be paid by Abbott Construction. It is also clear that Abbott Construction paid other creditors, including paying down a line of credit, and continued to operate rather than contributing to the Funds during the relevant time period. Under these circumstances, the court finds that Mr. Abbott was a fiduciary with respect to plan assets and that

he breached his fiduciary duty. "Congress intended ERISA's definition of fiduciary 'to be broadly construed.'" LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997) (citation omitted).

> Unlike the common law definition under which fiduciary status is determined by virtue of the position a person holds, ERISA's definition is functional. Section 1002(21)(A) of ERISA defines a fiduciary in several ways. In relevant part, that statute provides that a "person is a fiduciary with respect to a plan," and therefore subject to ERISA fiduciary duties, "to the extent" that he or she "exercises any authority or control respecting management *or* disposition of [plan] assets," or, "has any discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(a)(i) and (iii).

Id. (citations omitted).

In LoPresti, the court found the president of a closely held corporation to be an ERISA fiduciary where he had a role in determining which creditors to pay and when those creditors were to be paid. Id. at 40. The company president in LoPresti failed to pay fringe benefit fund contributions and paid other creditors instead. The court stated:

> [T]his Court is convinced that Donald's commingling of plan assets
> with the Company's general assets, and his use of those plan assets
> to pay Company creditors, rather than forwarding the assets to the
> Funds means that he "exercise[d] . . . authority or control respecting
> . . . disposition of [plan] assets," and hence is a fiduciary for purposes
> of imposing personal liability under ERISA.

LoPresti, 126 F.3d at 40. See also Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equip. L.L.C., 353 F. Supp.2d 851, 854-55 (E.D. Mich. 2004) (Edmunds, J.) (finding principal of company personally liable for unpaid fringe benefits because "instead of depositing the owed fringe benefit payments with the Funds, he used the money for other purposes"); M & P, 609 F. Supp.2d at 877-79 (finding that by failing to pay benefit contributions "while continuing to pay operating costs for the company, [defendant] functionally 'withheld' unpaid wages and fringe benefit contributions in violation of his contractual obligations").

## **ORDER**

Therefore, IT IS HEREBY ORDERED that Plaintiffs' November 30, 2009 motion for summary judgment is GRANTED. Plaintiffs shall submit a proposed judgment for entry.

Date: March 12, 2010                           s/John Corbett O'Meara
                                               United States District Judge

I hereby certify that a copy of this document was served upon counsel of record using the court's electronic filing system on this date, March 12, 2010.

                                               s/William Barkholz
                                               Case Manager