UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS' LOCAL 324 PENSION
FUND, *et al.,*

    Plaintiffs,

v.

Case No. 09-11702

Hon. John Corbett O'Meara

ABBOTT CONSTRUCTION, INC.,
a Michigan corporation, and BRUCE
ABBOTT, individually,

    Defendants.

_____/

# ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Before the court is Defendants' motion for reconsideration, filed March 24, 2010. Upon the court's request, Plaintiffs filed a response on April 30, 2010. Defendants seek reconsideration of the court's order granting Plaintiffs' motion for summary judgment. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3).

Plaintiffs are various fringe benefit funds seeking delinquent employee benefit contributions from Defendants Abbott Construction, Inc., and Bruce Abbott pursuant to the Employee Retirement Income Security Act ("ERISA"). The court granted summary judgment in favor of Plaintiffs on

March 12, 2010, finding that Defendants owe approximately $70,000 in delinquent contributions. Defendants attempt to raise a new issue in their motion for reconsideration: that Abbott Construction is not bound by the current collective bargaining agreement. Abbott agreed to be bound by the 2003-2008 CBA negotiated by the Michigan Road Builders Association. In 2005, the Road Builders Association merged with the Associated Underground Contractors, Inc. Association and became the Michigan Infrastructure and Transportation Association ("MITA"). MITA, the successor association, was substituted as the appropriate labor association in the CBAs and employee benefit fund trust documents. See Pls.' Ex. F, G. Subsequently, a CBA negotiated by MITA for 2008-2013 went into effect. Abbott Construction did not seek to terminate either the 2003-2008 or the 2008-2013 agreements. Rather, Abbott argues that it never agreed to the 2008-2013 CBA, because it was negotiated by MITA rather than the Road Builders Association.

Defendants' argument that it is not bound by the 2008-2013 CBA fails for two reasons. First, the court generally does not consider legal arguments raised for the first time on a motion for reconsideration. See Smith v. Mount Pleasant Schs., 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."); Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Second, Defendants' argument fails on the merits. Defendants relied on another ERISA case involving Abbott Construction, Trustees of Outstate Michigan Trowel Trades Health and Welfare Fund. v. Abbott Construction, 09-12856 (E.D. Mich., Steeh, J.) in support of the argument that Abbott Construction is not bound by the collective bargaining agreement. In the Trowel Trades

case, the court initially denied Plaintiffs' motion for summary judgment and found that Abbott Construction raised a question of fact regarding whether it was bound by the CBA negotiated by MITA. See Docket No. 21 (March 18, 2010). Upon reconsideration, however, the court found that a defendant may not raise objections to the validity of the underlying CBA in an ERISA action brought pursuant to 29 U.S.C. § 1145 (ERISA §515). See Docket No. 28 (May 10, 2010) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990)). The court noted that "[t]here are only three contract defenses that have been recognized by the courts of appeals as valid defenses to an action under Section 515: (1) the contract was void *ab initio* for fraud in the execution, (2) the pension contributions are themselves illegal, and (3) the employees have voted to decertify the union. Louisiana Bricklayers v. Alfred Miller General Masonry Contracting Co., 157 F.3d 404, 408-409 (5th Cir. 1998)."

In Trowel Trades, as here, Abbott Construction argues that it was not obligated to pay contributions under the 2008-2013 CBA because that CBA was negotiated by MITA, rather than the Road Builders Association. Abbott's argument is not one of the recognized defenses to an action under 29 U.S.C. § 1145. See Benson, 907 F.2d at 314 ("Once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question the union's ability to enforce the contract as a whole."); Louisiana Bricklayers, 157 F.3d at 409 ("[W]hen a union claims arguable successor rights, the proper methods for adjudication of this labor law question are either arbitration under the CBA or timely litigation before the NLRB."). The court finds that neither this issue nor the other issues raised in Defendants' motion demonstrate a "palpable defect" warranting reconsideration here.

Accordingly, IT IS HEREBY ORDERED that Defendants' March 24, 2010 motion for reconsideration is DENIED.

Date: May 25, 2010

s/John Corbett O'Meara
United States District Judge

I hereby certify that a copy of this order was served upon counsel of record via the Court's ECF system on this date, May 25, 2010.

s/William Barkholz
Case Manager