UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS' LOCAL 324 PENSION
FUND, *et al.,*

    Plaintiffs,

v.

    Case No. 09-11702

    Hon. John Corbett O'Meara

ABBOTT CONSTRUCTION, INC.,
a Michigan corporation, and BRUCE
ABBOTT, individually,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY
OF DEFAULT AGAINST GARNISHEE PARK DEVELOPERS, LLC**

    Before the court is Plaintiffs' motion for default judgment against garnishee defendant, Park Developers, LLC, filed March 18, 2011.  Park Developers filed a response on April 28, 2011.  The court heard oral argument on May 12, 2011, and took the matter under advisement.

    On May 25, 2010, Plaintiffs obtained a judgment against Abbott Construction and Bruce Abbott in the amount of $80,143.25.  In the course of attempting to collect on the judgment, Plaintiffs served a Writ of Garnishment on Park Developers, where Plaintiffs believed Bruce Abbott was employed.  On November 12, 2010, Park Developers' attorney signed a disclosure denying liability and stating that "no money is owed by the LLC."

    On December 16, 2010, Bruce Abbott testified at a creditor's exam that he was employed by Park Developers, but was laid off right after Thanksgiving (November 25, 2010).  Abbott testified that he earned $1,000 per week at Park Developers.

Because Abbott's testimony contradicts the garnishee disclosure submitted by Park Developers, Plaintiffs seek a default against Park Developers. Plaintiffs also contend that Park Developers failed to respond to discovery requests.

Park Developers' counsel, Steven Wright, responds that he believed that Abbott had already been laid off when he filled out the garnishee disclosure. Wright admits that this belief was erroneous. Park Developers has offered to pay Plaintiffs what would have been due under the garnishment (some percentage of $2,000), but Plaintiffs have not accepted.

Plaintiffs seek a default judgment in the amount of the balance of the judgment, which is $63,621.55. Under the circumstances, the court finds such a sanction unwarranted. Although the Michigan rule on garnishment allows for a default, a "default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in subrule (g)(2)." M.C.R. 3.101(s). The court may also impose costs, including attorney's fees, "on a garnishee whose default or contempt results in expense to other parties." Id. The rule also provides:

> If the garnishee is chargeable for specific property and refuses to expose it so that execution may be led on it, the court may order the garnishee to show cause why general execution shall not issue against the garnishee. Unless sufficient cause is shown to the contrary, the court may order that an execution be issued against the garnishee in an amount not to exceed twice the value of the specifically chargeable property.

M.C.R. 3.101(o)(5) (emphasis added).

In this case Park Developers admits that it made a mistake and the court accepts the representations of its counsel, as an officer of the court. In addition, the company attempted to resolve this matter outside of court. Park Developers has demonstrated sufficient cause to avoid sanctions. Accordingly, the court will award Plaintiffs whatever amount was due under the

garnishment, but otherwise deny the motion.  If necessary, Plaintiffs may submit an order awarding the amount due under the garnishment for entry.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' March 18, 2011 motion for default judgment is DENIED, consistent with this opinion and order.

s/John Corbett O'Meara
United States District Judge

Date:  May 18, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 18, 2011, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager
